**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CASEY DYE, an individual,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>TRANS UNION LLC, a foreign corporation; EQUIFAX INFORMATION SERVICES LLC, a foreign limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation; and BANK OF AMERICA, N.A., a foreign limited partnership,<br><br>　　　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff, Casey Dye (hereinafter "Plaintiff") by and through counsel, and for her complaint against Trans Union LLC, Equifax Information Services LLC, Experian Information Solutions, Inc. and Bank of America, N.A. (hereinafter "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1.　This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act).

**JURISDICTION**

2.　The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b).

///

Page 1 of 10

**PARTIES**

3. Plaintiff is a natural person residing in the State of Nevada. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, Defendant Trans Union LLC (hereinafter "Trans Union") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

5. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, Defendant Equifax Information Services LLC (hereinafter "Equifax") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

8. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, Defendant Experian Information Solutions Inc., (hereinafter "Exerian") is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

11. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties.

12. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, Defendant Bank of America, N.A. (hereinafter "BofA") is a foreign limited partnership conducting business in the State of Nevada.

14. Upon information and belief, BofA is a national bank, authorized to do business in the State of Nevada.

**FACTUAL ALLEGATIONS**

15. Plaintiff was the owner of the real property located at 5462 Desert Peach Drive, Sparks, Nevada 89436 (the "subject property").

16. Plaintiff had a mortgage on the subject property which was serviced by Defendant BofA.

17. On June 18, 2012, Defendant BofA approved and allowed Plaintiff to "short sale" the subject property.

18. On March 5, 2013, Plaintiff checked her credit report.

19. In reviewing her credit report Plaintiff found the following "marks" on her credit report pertaining to Defendant BofA's reporting on the loan for the subject property:

   a. Defendant Trans Union reported Plaintiff as being 120 days late for each month from November 2011 through June 2012;

   b. Defendant Experian reported Plaintiff as being 120 days late in October 2011 and 150 days late in November 2011;

   c. Defendant Equifax reported Plaintiff as being 120 days late for each month from September 2011 through May 2012.

20. Defendants Trans Union and Equifax credit reporting was and remains inaccurate because Plaintiff could not have been late for 120 days for consecutive months, as was reported.

21. Furthermore, Defendants Trans Union and Equifax are in direct violation of the Uniform Retail Credit Classification and Account Management Policy ("the Policy"). The Policy is a statement of policy by the Federal Deposit Insurance Corporation ("FDIC") for banks and relates specifically to account management. *See* 65 Fed.Reg. 36903, *et al.* (June 12, 2000).

22. The Policy requires closed-end retail loans, such as a mortgage, that become past due 120 cumulative days should be "classified [l]oss and charged off." 65 Fed. Reg. at 36904.

1  As such, Defendants Trans Union and Equifax were improperly and inaccurately reporting information on Plaintiff's credit report in violation of the Policy.

23. Defendant Experian reported Plaintiff as being 150 days late in November 2011. Experian's reporting on Plaintiff's credit report is similarly in violation of the Policy as closed-end loans should not be reported more than 120 days late.

24. Upon information and belief, Defendant BofA reported the above-referenced inaccurate information on Plaintiff's credit report to Trans Union, Equifax and Experian.

25. Plaintiff disputed the accuracy of the reported information with Trans Union, via written certified U.S. mail.  Trans Union received Plaintiff's dispute on April 24, 2013.

26. Plaintiff disputed the accuracy of the reported information with Experian, via written certified U.S. mail.  Experian received Plaintiff's dispute on April 29, 2013.

27. Plaintiff disputed the accuracy of the reported information with Equifax, via written certified U.S. mail.  Equifax received Plaintiff's dispute on April 23, 2013.

28. Trans Union, Experian and Equifax all failed to correct the inaccuracies in Plaintiff's credit report of which Plaintiff disputed.

29. Plaintiff also mailed a copy of the dispute letters to BofA.

30. Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify BofA's representations.

31. In the alternative to the allegation that Trans Union failed to contact BofA, it is alleged that Trans Union did forward some notice of the dispute to BofA and BofA failed to conduct a lawful investigation.

32. Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify BofA's representations.

COGBURN LAW OFFICES
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616  FAX: (702) 943-1936

33. In the alternative to the allegation that Experian failed to contact BofA, it is alleged that Experian did forward some notice of the dispute to BofA and BofA failed to conduct a lawful investigation.

34. Upon Plaintiff disputing the inaccurate information, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify BofA's representations.

35. In the alternative to the allegation that Equifax failed to contact BofA, it is alleged that Equifax did forward some notice of the dispute to BofA and BofA failed to conduct a lawful investigation.

**FIRST CLAIM FOR RELIEF**

**(Violation of 15 U.S.C. § 1681e(b) against Trans Union)**

36. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

37. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

38. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

39. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681i against Trans Union)

41. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

42. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to First Premier; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

43. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

44. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

## THIRD CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681e(b) against Experian)

46. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

47. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

49. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

50. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

## FOURTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681i against Experian)

51. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

52. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to BofA; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

53. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

54. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

///

///

## FIFTH CLAIM FOR RELIEF

**(Violation of 15 U.S.C. § 1681e(b) against Equifax)**

56. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

57. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

59. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

60. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

## SIXTH CLAIM FOR RELIEF

**(Violation of 15 U.S.C. § 1681i against Equifax)**

61. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

62. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to BofA; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

63. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

64. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

65. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or 1681o.

## SEVENTH CLAIM FOR RELIEF
### (Violation of 15 U.S.C. § 1681s-2(b) against BofA)

66. Plaintiff reincorporates by reference all of the preceding paragraphs as if fully set forth herein.

67. BofA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the false representation within Plaintiff's credit file with Trans Union, Equifax and Experian by failing to fully and properly investigate Plaintiff's dispute of BofA's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union, Equifax and Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of their representations to the consumer reporting agencies.

68. As a result of this conduct, action and inaction of BofA, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

69. BofA's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. 1681o.

/ / /

/ / /

/ / /

70. Plaintiff is entitled to recover costs and attorney's fees from BofA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Actual damages;
2. Statutory damages;
3. Punitive damages;
4. Costs and reasonable attorneys' fees;
5. A trial by jury; and
6. For such other and further relief as the Court may deem just and proper.

Dated this 20th day of June, 2013.

**COGBURN LAW OFFICES**

By: s/ Larson A. Welsh, Esq.
JAMIE S. COGBURN, ESQ.
Nevada Bar No. 08409
jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
*Attorneys for Plaintiff*