UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CASEY DYE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TRANSUNION, LLC et al., ) <br> ) <br> Defendants. ) <br> ) | 2:13-cv-01094-RCJ-VCF <br><br> **ORDER** |

This case arises out of allegedly improper credit reporting. Two of four Defendants have moved to dismiss. For the reasons given herein, the Court grants the motion, with leave to amend.

**I.    FACTS AND PROCEDURAL HISTORY**

On June 18, 2012, Defendant Bank of America ("BOA") approved Plaintiff Casey Dye's request to short-sell her Sparks, Nevada property. (*See* Compl. ¶¶ 15–17, June 20, 2013, ECF No. 1). When Plaintiff reviewed her credit report on March 5, 2013, she discovered that Defendant TransUnion, LLC reported Plaintiff as having been 120 days late on her mortgage to BOA from November 2011 through June 2012, that Defendant Experian Information Solutions, Inc. ("Experian") reported Plaintiff as having been 120 days late on her mortgage to BOA in October 2011 and 150 days late in November 2011, and that Defendant Equifax Information Services, LLC ("Equifax") reported Plaintiff as having been 120 days late on her mortgage to BOA from

1  September 2011 through May 2012. (*See id.* ¶ 19).  Plaintiff alleges these reports are inaccurate

2  and that Defendants failed to evaluate Plaintiff's complaints to them. (*See id.* ¶¶ 25–35).

3        Plaintiff sued Defendants in this Court for violations of 15 U.S.C. §§ 1681e(b) and 1681i

4  by TransUnion, Experian, and Equifax (collectively, "Credit Reporting Agency Defendants") and

5  violations of 15 U.S.C. § 1681s-2(b) against BOA.  TransUnion and Experian have jointly

6  moved to dismiss for failure to state a claim.

7  **II.    LEGAL STANDARDS**

8        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

9  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

10 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

11 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

12 that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

13 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

14 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

15 failure to state a claim, dismissal is appropriate only when the complaint does not give the

16 defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

17 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

18 sufficient to state a claim, the court will take all material allegations as true and construe them in

19 the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

20 Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

21 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

22 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

23 with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

24 case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

25 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

III.   ANALYSIS

Plaintiff alleges that Defendants violated § 1681e(b) of the Fair Credit Reporting Act ("FCRA"), which states, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Plaintiff also alleges that Defendants violated 1681i of the FCRA by failing to delete inaccurate information in

Plaintiff's credit file after being notified of the inaccuracies, failing to conduct an investigation, failing to forward all relevant information to BOA or First Premier,[1] failing to maintain reasonable procedures to filter and verify disputed information, and by relying upon a source that it had reason to believe was unreliable.

Defendants argue that Plaintiff does not and cannot assert that her payments were not late as reported. As Defendants note, the credit reporting at issue was all at least a year prior to the approval of Plaintiff's short-sale by BOA. Defendants are correct that Plaintiff simply does not allege that she was not late on her payments, as reported, during the relevant time periods.

Her only claim of inaccuracy as to TransUnion is that it reported her as having been 120 days late on her mortgage each month from November 2011 through June 2012, and that "Plaintiff could not have been late for 120 days for consecutive months." (Compl. ¶¶ 19–20). In other words, Plaintiff appears to allege that TransUnion should have reported her delinquency as 120 days, 150 days, 180 days, etc., for the relevant months during this time period, instead of 120 days or 120+ days delinquent for each month during this period. This reporting practice, however, is normal and acceptable. Credit reporting agencies typically do not report lateness beyond a certain number of days. A consumer "maxes out" at 120 days of delinquency for credit reporting purposes, and every consecutive month the debt will be reported as being late for the maximum reportable time. The report will look something like: "30 60 90 120 120 120 120," etc. Plaintiff does not dispute that she was 120 days or more delinquent during the relevant time periods. If TransUnion had reported Plaintiff as 120 days or more late when she was 120 days or more late, there was no inaccuracy. And if TransUnion reported Plaintiff as exactly 120 days late when she was in fact more than 120 days late, there is no prejudice, because such an error would

---

[1] The use of "First Premier" instead of BOA as to the § 1681i claim as against TransUnion in the nominal second cause of action is likely an oversight by counsel in the form complaint used. BOA is likely the party intended to be named here.

1  actually be to Plaintiff's benefit.  There would only be a remediable inaccuracy if TransUnion
2  reported Plaintiff as 120 days or more delinquent when she was in fact less delinquent, which
3  circumstances Plaintiff does not allege.  She will be given leave to amend to allege this if she
4  can, although Plaintiff appears to have admitted that she was in fact over 120 days delinquent
5  during the relevant time periods. (*See* Opp'n 7:18–19, Sept. 13, 2013, ECF No. 20 ("Plaintiff did
6  not make payments during the relevant time frame of November 2011 through June 2012.")).

7       As to Experian, Plaintiff complains that it should not have reported her as 150 days late in
8  November 2011 because "closed-end loans should not be reported more than 120 days late."
9  (Compl. ¶¶ 19, 23).  The FCRA contains no such limitation.  Plaintiff relies upon policy advice
10 for banks given by the Federal Deposit Insurance Corporation ("FDIC"). (*See id.* ¶ 21–22 (citing
11 65 Fed. Reg. 36903, 36904 (June 12, 2000)).  The Credit Reporting Agency Defendants are not
12 banks.  Plaintiff argues in response that the policy is applicable to banks, and that BOA's
13 reporting inconsistent with the policy is therefore actionable as against the Credit Reporting
14 Agency Defendants insofar as they failed to investigate and correct inaccuracies after Plaintiff
15 complained.  But even as to BOA's reporting to the Credit Reporting Agency Defendants, the
16 FDIC's advice is not an FCRA standard.  The FDIC's policy advice has to do with the point at
17 which banks should write off bad debt for accounting purposes, not with how delinquencies
18 should be reported to credit agencies, or even as to whether such debt remains enforceable. *See*
19 65 Fed. Reg. 36903, 36904.  Writing off bad debt does not affect the fact or timing of a
20 delinquency.  A bank may write off bad debt for accounting purposes after 120 days while still
21 reporting (accurately) that a debt is in fact more than 120 days overdue.  In fact, such debt is still
22 enforceable.  As can be seen from the hundreds of foreclosure cases in this District over the past
23 few years, this accounting practice clearly does not limit mortgage debt to 120 days of
24 delinquency.  Plaintiff's confusion between writing off bad debt and reporting delinquencies is
25 demonstrated on page nine of the Opposition, where Plaintiff argues "Experian clearly did not

charge off the debt, in contradiction to [FDIC's] Policy, when it reported Plaintiff 150 days late." (Opp'n 9:19–20). Experian cannot have "charge[d] off" the debt. The debt was not owed to Experian. Experian simply reported the lateness of the debt, presumably as reported to Experian by BOA. And the accuracy of the lateness of the debt for the purposes of a consumer's creditworthiness has nothing to do with whether BOA wrote off some portion of the debt for accounting purposes.

Plaintiff also asks why agencies such as TransUnion typically only report debts at most as 120 days overdue instead of 120 days, 150 days, etc., if the FDIC's policy does not apply to them. The answer is: we don't know, and it doesn't matter. The only issues here are whether the FCRA prohibits this kind of "max out" reporting (it does not appear to) and whether the reports at issue here are otherwise detrimentally inaccurate to Plaintiff (Plaintiff has not yet so alleged).

In summary, Plaintiff does not sufficiently allege any detrimentally inaccurate reporting by TransUnion or Experian. The Court dismisses as against these Defendants, with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 14) is GRANTED, with leave to amend.

IT IS SO ORDERED.

Dated this 15th day of October, 2013.

_____
ROBERT C. JONES
United States District Judge